**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DOUGLAS M. SUTTON, III,<br><br>Plaintiff,<br><br>v.<br><br>WALT PESTERFIELD,<br>PILL DISTRIBUTION SUPERVISOR PRIME CARE MEDICAL,<br>OFFICER MAHESH KHADKA,<br>SGT. NATHAN DOUGLAS HERZOG,<br><br>Defendants. | Civil Action No.: PX-25-1927 |

**MEMORANDUM OPINION**

Plaintiff Douglas M. Sutton, III, a pretrial detainee at the Baltimore County Detention Center ("BCDC"), filed this civil suit against Defendants Warden Walt Pesterfield, Officer Mahesh Khadka, Sergeant Nathan Douglas Herzog, and the PrimeCare Pill Distribution Supervisor, challenging the process by which he received his medication and unrelated failures to address his complaints about other detainee misconduct. ECF Nos. 1, 4, 5, 6, & 10. Defendants Pesterfield, Khadka and Herzog move to dismiss the Complaint. ECF No. 24. Although the Court notified Sutton of his right to respond to the motion, he instead advised that he has already "explained [his] side to the best of [his] ability." ECF No. 26. No hearing is necessary. *See* D. Md. Loc. R. 105.6 (2025). For the following reasons, the motion to dismiss will be granted and the Complaint will be dismissed entirely.

## I. Background

The Complaint facts are taken as true and most favorably to Sutton. At BCDC, medical staff administers "highly desired medications" by placing the pills in a baggie so the detainee can

crush the pills, add water and take the medications outside the presence of other detainees. ECF No. 1 at 2. Sutton complains that his medications were "broadcasted to the whole tier" and were hardly ever crushed or mixed with water and thus, inmates were able to observe which medications he took. *Id*. at 3. The Complaint also describes that when Sutton received his medication, staff would not follow administration protocol to ensure that he took the medication in the provider's presence. ECF No. 5 at 1-2. This, says Sutton, risked that detainees would make him spit his medication into a cup so that they could take it from him. *Id*. at 2. As a result, Sutton maintains that detainees threatened and extorted him. *Id*. at 2-3.

Sutton also complains that on the morning of June 25, 2025, he asked Khadka and another corrections officer to deliver a letter to the duty sergeant. ECF No. 4 at 1. The next day, Sutton asked Khadka which sergeant had his letter because nothing had been done about "the situation." *Id*. Officer Khadka responded that he gave the letter to Sergeant Herzog and that Herzog said, "he would speak to everyone." *Id*. The letter described a detainee-on-detainee robbery of commissary and a separate sexual assault. ECF No. 4 at 2. Sutton had not been involved in either incident.

## II. Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true, and construe[s] the facts and reasonable inferences" most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555). Because Sutton proceeds pro se, the Court must read the Complaint charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se [pleading] must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, Civ. No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

**III. Analysis**

Defendants first raise that the claims must be dismissed for failure to exhaust administrative remedies, and that Sutton's claimed fear of communicating with the medical staff about the problems with medication distribution does not excuse this exhaustion requirement. ECF No. 24-1 at 4-8. Failure to exhaust, however, is an affirmative defense, which does not impose on a pro se plaintiff an obligation to plead exhaustion in the complaint. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *see also Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (inmates do not need to demonstrate exhaustion of administrative remedies in their complaints); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[I]nmates need not plead exhaustion, nor do they bear the burden of proving it."). Without more, therefore, the Court will not dismiss for failure to exhaust.

Nonetheless, the Complaint still must be dismissed for failing to state a claim. As best the Court can tell, the Complaint faults Officer Khadka and Sergeant Herzog for taking no action on the information Sutton had communicated regarding other detainee misconduct. ECF No. 4 at 1-2. Sutton further asserts that these failures amount to an Eighth Amendment violation. But because Sutton was in pretrial detention, the claim proceeds under the Fourteenth Amendment. *Short v. Hartman*, 87 F.4th 595, 606 (4th Cir. 2023)). Accordingly, to survive dismissal, the Complaint must make plausible that defendants' actions violated the detainee's constitutional rights and such actions were not "rationally related to a legitimate nonpunitive governmental

purpose" or were "excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015).

Fatal to Sutton's claim, however, is that no facts show how *he* was harmed because Khadka and Herzog had not taken sufficient action. Accordingly, while someone's constitutional rights may have been violated, Sutton's were not. Thus, the claim against Khadka and Herzog must be dismissed.

Likewise, the claim against Warden Pesterfield must be dismissed. The Complaint singularly faults Pesterfield for knowing that medications were being distributed openly, in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d *et seq.* ECF No. 10. But a supervisor's mere knowledge of a HIPAA violation is insufficient to sustain a claim. For one, no private cause of action exists under HIPAA and, without a private right to sue, a remedy under § 1983 is not available. *See Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021), *see also Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 696 (4th Cir. 2019) (plaintiff seeking a remedy under § 1983 "must assert the violation of a federal *right*, not merely a violation of federal *law*."). Accordingly, any claimed knowledge of HIPAA violations cannot sustain the claim.

Last as to the unnamed PrimeCare Pill Distribution Supervisor, the Fourteenth Amendment protects pretrial detainees from governmental action that is not "rationally related to a legitimate nonpunitive governmental purpose" or that is "excessive in relation to that purpose." *Kingsley*, 576 U.S. at 398. A detainee may assert such a violation where a state actor fails to protect the detainee from attack by another detainee. *Barry v. Dep't of Pub. Safety & Corr. Servs.,* Civ. No. JKB-25-2393, 2026 WL 1972234, at *5 (D. Md. July 8, 2026). To make plausible the claim, some facts must show that a defendant exposed a detainee to "an objectively substantial risk of serious

harm," and that the defendant exhibited "deliberate indifference" to that risk. *Id. See also Hammock v. Andoh*, Civ. No. DLB-21-796, 2025 WL 2402198, at *4 (D. Md. Aug. 19, 2025) (quoting *Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023)). The Fourteenth Amendment standard for deliberate indifference in such cases is "purely objective," meaning the defendant's actions must be "objectively unreasonable." *Short*, 87 F.4th at 611. However, under no circumstance will a showing of mere negligence be sufficient to sustain the claim. *Id.* at 611–12.

When viewing the Complaint facts most favorably to Sutton, at best the PrimeCare Pill Distribution Supervisor's failures to implement a sufficiently safe protocol appear grounded in negligence, not an intentional series of acts designed to place detainees in harm's way. ECF Nos. 1 & 6. Because a mere showing of negligence is insufficient, see *Short,* 87 F.4th at 612, the claims against the PrimeCare Pill Distributor Supervisor, too, must be dismissed.[1]

## IV. Conclusion

For the above stated reasons, Defendants' motion to dismiss (ECF No. 24) is granted, and claims are otherwise dismissed as to Defendant "Pill Distribution Supervisor Prime Care Medical" pursuant to 28 U.S.C. § 1915(e) for failure to state a claim.

A separate order follows.

8/24/26
Date

/s/
Paula Xinis
United States District Judge

[1] Although the Pill Distribution Supervisor did not separately move to dismiss, the Court must screen a pro-se detainee's complaint for sufficiency as to all defendants, "construing the pleadings liberally and in favor of the strongest arguments they suggest." *See Jackson v. Dameron*, 171 F.4th 641, 644 (4th Cir. 2026). Even under this especially forgiving standard, the Court cannot discern a legally cognizable claim against the PrimeCare Pill Distribution Supervisor.